1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

| | |
|---|---|
| AMWEAR USA, INC., a California Corporation, | Case No. 5:20-cv-01038-GW-KK |
| Plaintiff, | |
| v. | **[~~PROPOSED~~] ORDER GRANTING STIPULATION FOR PROTECTIVE ORDER REGARDING CONFIDENTIALITY** |
| JEFF SCHLABOWSKE, an individual, JWE, INC., a New York Corporation, DOES 1-10, | Discovery Matter Referred to: Hon. Kenly Kiya Kato |
| Defendants. | NOTE CHANGES MADE BY THE COURT |

STIPULATION

IT IS HEREBY STIPULATED pursuant to Fed. R. Civ. P. 26(c) by and between Amwear USA, Inc., Jeff Schlabowske, and JWE, Inc. (each a "Party" and, together, the "Parties") through their respective attorneys of record, that a Protective Order ("Order" or "Stipulated Protective Order") may be entered by the Court in this action as follows:

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

Good cause exists to approve this Stipulated Protective Order. Counsel for the Parties have conferred on the issue of disclosure of certain information relevant to the claims and defenses in the above-captioned action. The Parties have agreed that both sides either have propounded or will propound discovery seeking information and documents related to, inter alia, confidential, proprietary, trade secret, personal or private information. Good cause exists pursuant to Federal Rule of Civil Procedure 26(c) to protect those involved in this litigation from the disclosure of such information without adequate safeguards in place regarding confidentiality.

PROPOSED ORDER GRANTING STIPULATION FOR PROTECTIVE ORDER REGARDING CONFIDENTIALITY

2.    <u>DEFINITIONS</u>

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    <u>Designated House Counsel</u>: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.6    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    <u>Expert or Consultant</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert or as a consultant in this action (regardless whether the individual serves as a witness). This definition includes a professional jury or trial consultant retained in connection with this litigation. An expert for purposes of this Stipulated Protective Order shall not include anyone who is a past or current employee of either an opposing Party or a Competitor.

2.8    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>: extremely sensitive "Confidential Information or Items,"

disclosure of which to another Party or Non-Party would create a substantial risk of impairing the personal, business or commercial interests of the Designating Party or others subject to Rule 26(c) or under other applicable laws.

2.9    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.17    Competitor. "Competitor" means any manufacturer of, or any entity involved in the sale of, apparel solutions and/or personal protective equipment and

any person who, upon reasonable and good faith inquiry, could be determined to be employed by, to be a consultant doing research for, or otherwise to be retained by any manufacturer of, or any entity involved in the sale of, apparel solutions and/or personal protective equipment.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial or other court hearings or proceedings shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

1  including the time limits for filing any motions or applications for extension of time
2  pursuant to applicable law.

3  5.      DESIGNATING PROTECTED MATERIAL

4          5.1      Exercise of Restraint and Care in Designating Material for Protection.
5  Each Party or Non-Party that designates information or items for protection under
6  this Order must take care to limit any such designation to specific material that
7  qualifies under the appropriate standards. To the extent it is practical to do so, the
8  Designating Party must designate for protection only those parts of material,
9  documents, items, or oral or written communications that qualify – so that other
10 portions of the material, documents, items, or communications for which protection
11 is not warranted are not swept unjustifiably within the ambit of this Order.

12         Mass, indiscriminate, or routinized designations are prohibited. Designations
13 that are shown to be clearly unjustified or that have been made for an improper
14 purpose (e.g., to unnecessarily encumber or retard the case development process or
15 to impose unnecessary expenses and burdens on other parties) expose the
16 Designating Party to sanctions.

17         If it comes to a Designating Party's attention that information or items that it
18 designated for protection do not qualify for protection at all or do not qualify for the
19 level of protection initially asserted, that Designating Party must promptly notify all
20 other parties that it is withdrawing the mistaken designation.

21         5.2      Manner and Timing of Designations. Except as otherwise provided in
22 this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise
23 stipulated or ordered, Disclosure or Discovery

24         Material that qualifies for protection under this Order must be clearly so
25 designated before the material is disclosed or produced.

26         Designation in conformity with this Order requires:

27               (a) for information in documentary form (e.g., paper or electronic
28 documents, but excluding transcripts of depositions or other pretrial or trial

-6-

proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for material produced prior to the entry of this Stipulated Protective Order: Protected Material previously produced in this action prior to the entry of this Stipulated Protective Order will be covered under this Protective Order as follows: the Designating Party shall provide the Receiving Party with correspondence indicating which documents previously produced that will be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." Such correspondence shall bring such material previously produced in this action prior to the entry of this Stipulated Protective Order under its protection as

1  Protected Material.

2         (c) <u>for testimony given in deposition or in other pretrial or trial</u>

3  <u>proceedings</u>, that the Designating Party identify on the record, before the close of

4  the deposition, hearing, or other proceeding, all protected testimony and specify the

5  level of protection being asserted. When it is impractical to identify separately each

6  portion of testimony that is entitled to protection and it appears that substantial

7  portions of the testimony may qualify for protection, the Designating Party may

8  invoke on the record (before the deposition, hearing, or other proceeding is

9  concluded) a right to have up to 21 days to identify the specific portions of the

10  testimony as to which protection is sought and to specify the level of protection

11  being asserted. Only those portions of the testimony that are appropriately

12  designated for protection within the 21 days shall be covered by the provisions of

13  this Stipulated Protective Order. Alternatively, a Designating Party may specify, at

14  the deposition or up to 21 days afterwards if that period is properly invoked, that the

15  entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY

16  CONFIDENTIAL – ATTORNEYS' EYES ONLY."

17         Parties shall give the other parties notice if they reasonably expect a

18  deposition, hearing or other proceeding to include Protected Material so that the

19  other parties can ensure that only authorized individuals who have signed the

20  "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those

21  proceedings. The use of a document as an exhibit at a deposition shall not in any

22  way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

23  ATTORNEYS' EYES ONLY."

24         Transcripts containing Protected Material shall have an obvious legend on the

25  title page that the transcript contains Protected Material, and the title page shall be

26  followed by a list of all pages (including line numbers as appropriate) that have been

27  designated as Protected Material and the level of protection being asserted by the

28  Designating Party. The Designating Party shall inform the court reporter of these

requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(a)     **Information Contained in Responses to Written Discovery:**

A Designating Party may designate information disclosed in response to written discovery requests (including subpoenas) as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" by so indicating in said responses, on each page of any documents produced with such responses, and/or as otherwise provided in Paragraph 5.2 above, identifying those responses being so designated.  In addition, a Designating Party may designate in writing, within thirty (30) days after receipt of another Party or non-party's responses to written discovery requests, the specific responses, documents, and/or other information to be treated as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY."

(d)     For information produced in some form other than documentary, and for any other tangible items: The Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL, PRODUCED BY [PARTY NAME] IN *AMWEAR USA, INC. V. JEFF SCHLABOWSKE*, CASE NO. 5:20-cv-01038-GW-KK" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY, PRODUCED BY [PARTY NAME] IN *AMWEAR USA, INC. V. JEFF SCHLABOWSKE.* CASE NO. 5:20-cv-01038-GW-KK."   If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

(e)     for information produced in some form other than documentary and

for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4    Protected Material Disclosed by a Non-Party. For 30 days after a Non-Party makes disclosures in this proceeding, the entire disclosure shall be treated as Protected Material under this Order.

Within the 30-day period, the Non-party or a Party in this action may notify all other Parties that all or specific portions of the disclosure are Protected Material. Thereafter, the designated portions shall remain subject to this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3    Judicial Intervention. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the

-10-

Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge. Any motion to retain confidentiality, challenging a Party's designation of material as Confidential Information, seeking to disclose Highly Confidential information to Designated House Counsel, or seeking to modify or amend the proposed protective order must be brought in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless

otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) All Parties in this Action (including his/its officers, directors, and employees);

(b) Outside Counsel as defined above, including counsel's partners, employees, and agents (e.g., outside copy services, litigation-support services, and stenographers) retained in this action;

(c) Experts or Consultants, as defined above, but only if: (1) the Expert or Consultant has signed a copy of the Acknowledgment and Agreement to Be Bound (Exhibit A), (2) is not a Competitor of the Designating Party, and (3) Counsel for the Party retaining the Expert or Consultant, after duly diligent inquiry, does not know of any instance in which the Expert or Consultant has been found to be in violation of the terms of a protective order in any legal proceeding;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) A witness at a deposition or pre-trial hearing, if the witness will give relevant testimony regarding the Protected Material to be disclosed or if disclosure is necessary to prepare the witness for the testimony, and only after the witness has signed a copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) any person identified as an author, source, addressee, or recipient of the material or who already has a copy of the "CONFIDENTIAL" Information, provided such persons may not retain any "CONFIDENTIAL" Information shown to them and only after execution of the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

-12-

1    (h) any mediators or arbitrators selected to assist in resolution of this

2    matter, and their personnel actively engaged in assisting them, but only if that

3    person has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4    and

5    (i) any other person mutually agreed upon among the Parties, but only

6    if that person has signed the "Acknowledgment and Agreement to Be Bound"

7    (Exhibit A).

8    7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

9    ONLY" Information or Items. Unless otherwise ordered by the court or permitted in

10   writing by the Designating Party, a Receiving Party may disclose any information or

11   item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only

12   to:

13   (a) the Receiving Party's Outside Counsel of Record in this action, as

14   well as employees of said Outside Counsel of Record to whom it is reasonably

15   necessary to disclose the information for this litigation and who have signed the

16   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

17   A;

18   (b) Experts or Consultants, as defined above, but only if: (1) the Expert

19   or Consultant has signed a copy of the "Acknowledgment and Agreement to Be

20   Bound" (Exhibit A), (2) is not a Competitor of the designating Party, and (3)

21   Counsel for the Party retaining the Expert or Consultant, after duly diligent inquiry,

22   does not know of any instance in which the Expert or Consultant has been found to

23   be in violation of the terms of a protective order in any legal proceeding;

24   (c) the court and its personnel, including any court reporters;

25   (d) any person identified as an author, source, addressee, or recipient of

26   the material or who already has a copy of the "HIGHLY CONFIDENTIAL -

27   ATTORNEYS' EYES ONLY" Information, provided such persons may not retain

28   any "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information

shown to them and only after execution of the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) a witness at a deposition or pre-trial hearing, if the witness will give relevant testimony regarding the "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information to be disclosed or if disclosure is necessary to prepare the witness for the testimony, and only after the witness has signed a copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) any person identified as an author, source, addressee, or recipient of the material or who already has a copy of the "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information, provided such persons may not retain any "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information shown to them and only after execution of the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) any mediators or arbitrators selected to assist in resolution of this matter, and their personnel actively engaged in assisting them; and

(h) any other person mutually agreed upon among the Parties, but only if that person has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel, Experts, or Consultants.</u>

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future

-14-

1 primary job duties and responsibilities in sufficient detail to determine if House

2 Counsel is involved, or may become involved, in any competitive decision-making.

3      (a)(2) Unless otherwise ordered by the court or agreed to in writing by the

4 Designating Party, a Party that seeks to disclose to an Expert (as defined in this

5 Order) any information or item that has been designated "HIGHLY

6 CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c)

7 first must make a written request on, five-day's notice, to the Designating Party that

8 (1) identifies the general categories of "HIGHLY CONFIDENTIAL –

9 ATTORNEYS' EYES ONLY" information that the Receiving Party seeks

10 permission to disclose to the Expert, and (2) and sets forth the full name of the

11 Expert and the city and state of his or her primary residence.  The burden is on the

12 Designating Party to justify and prove that good cause exists for non-disclosure of

13 the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to

14 the requesting Party's Expert.

15      (b) A Party that makes a request and provides the information specified in the

16 preceding respective paragraphs may disclose the subject Protected Material to the

17 identified Designated House Counsel or Expert or Consultant unless, within 14 days

18 of delivering the request, the Party receives a written objection from the Designating

19 Party. Any such objection must set forth in detail the grounds on which it is based.

20      (c) A Party that receives a timely written objection must meet and confer with

21 the Designating Party (through direct voice to voice dialogue) to try to resolve the

22 matter by agreement within seven days of the written objection. If no agreement is

23 reached, the Party seeking to make the disclosure to Designated House Counsel or

24 the Expert or Consultant may file a motion in strict compliance with Local Rule 37-

25 1 and 37-2 (including the Joint Stipulation requirement) (and in compliance with

26 Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.

27 Any such motion must describe the circumstances with specificity, set forth in detail

28 the reasons why the disclosure to Designated House Counsel or the Expert or

-15-

1   Consultant is reasonably necessary, assess the risk of harm that the disclosure would

2   entail, and suggest any additional means that could be used to reduce that risk. In

3   addition, any such motion must be accompanied by a competent declaration

4   describing the parties' efforts to resolve the matter by agreement (i.e., the extent and

5   the content of the meet and confer discussions) and setting forth the reasons

6   advanced by the Designating Party for its refusal to approve the disclosure.

7       In any such proceeding, the Party opposing disclosure to Designated House

8   Counsel or the Expert shall bear the burden of proving that the risk of harm that the

9   disclosure would entail (under the safeguards proposed) outweighs the Receiving

10  Party's need to disclose the Protected Material to its Designated House Counsel,

11  Expert, or Consultant.

12  8.   REDACTIONS

13      Prior to any discovery-related disclosure or production, the Producing Party

14  may redact information or material that is protected from disclosure by applicable

15  privilege or immunity, that is governed by any applicable privacy law or regulation,

16  that contains commercially sensitive or proprietary non-responsive information, or

17  that any Order entered in this Action allows to be redacted.  The Producing Party

18  also may withhold entire non-responsive attachments in a document family and may

19  produce slipsheets in their place.

20  9.   DESIGNATING PARTY'S USE OF OWN DOCUMENTS

21      Nothing in this Order shall limit any Designating Party's use of its own

22  documents and information, including Protected Material, in this action or

23  otherwise.  Such disclosure shall not affect any designations made pursuant to the

24  terms of this Order so long as the disclosure is made in a manner that is reasonably

25  calculated to maintain the confidentiality of the information.

26  10.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

27  IN OTHER LITIGATION

28      If a Party is served with a subpoena or a court order issued in other litigation

-16-

that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must: (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court. Nothing in this Order shall be construed as authorizing a Party to disobey a lawful subpoena or court order issued in another action.

11.   <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)   The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request,

-17-

to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

   1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

   2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

   3. make the information requested available for inspection by the Non-Party.

  (c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons to return and/or destroy **all** copies of all materials so disclosed and certify that such return and/or destruction has taken place.

-18-

13.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court. If the Parties are unable to resolve any dispute regarding the designation of inadvertently disclosed information, any motion regarding such dispute must be brought in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

14.    <u>MISCELLANEOUS</u>

14.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. Any motion to retain confidentiality, challenging a Party's designation of material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", seeking to disclose Highly Confidential information to Designated House Counsel, or seeking to modify or amend this Order must be brought in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

14.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

-19-

14.3   <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

15.   <u>COMPLIANCE WITH ORDER</u>

A Party's compliance with the obligations imposed on it by this Order, including any obligations concerning the treatment of information designated as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY," shall not be deemed an admission by the complying Party or otherwise be evidence that the information so designated is confidential, proprietary, trade secret, or private information.  Nor shall such compliance be deemed a waiver of the complying Party's right to challenge the Designating Party's designation of Protected Material as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY."

16.   <u>FINAL DISPOSITION</u>

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this litigation, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Producing Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where

appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to the terms of this Stipulated Protective Order.

After full consideration of the matter and good cause having been shown, this Court GRANTS the Stipulation for Protective Order Regarding Confidentiality.

IT IS THEREFORE ORDERED that this Stipulation for Protective Order Regarding Confidentiality be the order of the Court.

Dated:  June 18, 2020

Hon. Kenly Kiya Kato
United States Magistrate Judge.

PROPOSED ORDER GRANTING STIPULATION FOR PROTECTIVE ORDER REGARDING
CONFIDENTIALITY

## <u>PROOF OF SERVICE</u>

**AMWEAR USA, INC. v. Jeff Schlabowske, et al.**
**USDC – Central District;  Case No. 5:20-cv-01038-GW-KK**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 601 South Figueroa Street, Suite 3300, Los Angeles, CA 90017-5793.

On June 18, 2020, I served true copies of the following document(s) described as **[PROPOSED] ORDER GRANTING STIPULATION FOR PROTECTIVE ORDER REGARDING CONFIDENTIALITY** on the interested parties in this action as follows:

Shanen R. Prout                          Attorneys for Defendant Jeff
Law Office of Shanen R. Prout            Schlabowske
11400 W. Olympic Blvd., Suite 700
Los Angeles, CA 90064
Tel: (424) 208-6399
Fax: (310) 494-9382
Email:  shanen@srplawyer.com

David Grant                              Attorneys for Plaintiff Amwear, Inc.
Benjamin Nix
Daniel Rasmussen
Payne and Fears LLP
4 Park Plaza Suite 1100
Irvine, CA 92614
949-851-1100
Fax: 949-851-1212
Email: dag@paynefears.com
       ban@paynefears.com
       dlr@paynefears.com

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 18, 2020, at Los Angeles, California.

Marie Gotauco

PROPOSED ORDER GRANTING STIPULATION FOR PROTECTIVE ORDER REGARDING
CONFIDENTIALITY